**No. 13-1146**

## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**REMINGTON LODGING & HOSPITALITY, LLC**
Petitioner

v.

**NATIONAL LABOR RELATIONS BOARD,**
Respondent

_____

ON PETITION FOR REVIEW OF AN ORDER OF THE
NATIONAL LABOR RELATIONS BOARD

_____

**BRIEF FOR THE PETITIONER'S OPPOSITION TO THE MOTION OF
THE NATIONAL LABOR RELATIONS BOARD
FOR MANDATORY TRANSFER TO THE UNITED STATES COURT OF
APPEALS FOR THE NINTH CIRCUIT**

_____

**Karl M. Terrell**
*Attorney*

**Stokes Wagner Hunt Maretz & Terrell**
3593 Hemphill Street
Atlanta, Georgia  30337
(404) 766-0076
(404) 766-8823 facsimile

## CORPORATION DISCLOSURE STATEMENT

Petitioner Remington Lodging & Hospitality LLC is owned 100% by parent company Remington Holdings, LP.  No publicly held corporations own any stock or hold any other interest in the parent company.

## CERTIFICATE AS TO PARTIES, RULING, AND RELATED CASES

Pursuant to Local Rule 28(a)(1) of the Rules of this Court, counsel for the Remington Lodging & Hospitality, LLC certify the following:

### A. Parties and Amici

Remington Lodging and Hospitality, LLC ("Petitioner") was the Respondent before the Board and is the Petitioner before the Court. The Board is the Respondent before the Court; its General Counsel was a party before the Board. UNITE HERE! Local 878, AFL-CIO ("the Union") was the charging party before the Board. There were no intervenors or amici before the Board, and there are none in this Court.

### B. Ruling Under Review

This case is before the Court on Remington's petition for review of a Decision and Order issued by the Board in *Remington Lodging & Hospitality, LLC*, 359 NLRB No. 95, 2013 WL 1771714 (April 24, 2013). Presently before the Court is the Board's motion for mandatory transfer of the petition to the United States Court of Appeals for the Ninth Circuit pursuant to 28 U.S.C. §2112, where the Union has filed a petition for review of the same Board Decision and Order.

## C. Related Cases

This case has not previously been before this or any other court.  As noted above, the Union has filed a petition for review of the same Board Decision and Order in the Ninth Circuit.  *See UNITE HERE! Local 878, AFL- CIO v. NLRB*, No. 13-71545 (9th Cir.).

# TABLE OF CONTENTS

**STATEMENT OF APPELLATE JURISDICTION**................................................1

**STATEMENT OF THE ISSUE**.....................................................................2

**RELEVANT STATUTORY PROVISIONS** ...................................................2

**STATEMENT OF THE CASE, FACTS, AND PROCEDURAL HISTORY**....3

**SUMMARY OF ARGUMENT** ......................................................................3

**ARGUMENT** ...............................................................................................5

**CONCLUSION**...........................................................................................15

# TABLE OF AUTHORITIES

**Cases**

DIRECTV Holdings, LLC v. NLRB, No. 13-1020 (D.C. Cir. May 1, 2013) .........16

In re Burnett, 635 F.3d 169, 173 (5th Cir. 2011) ......................................................12

Liquor Salesmen's Union Local 2 of State of N. Y. v. N. L. R. B., 664 F.2d 1200,
    1203-1204 (D.C. Cir. 1981) .......................................................... 10, 13

Lorillard v. Pons, 434 U.S. 575, 580-81 (1978) ....................................................12

Noel Canning v. NLRB, 705 F3d 490 (D.C. Cir. 2013) ..........................................14

Omaha World Herald v. NLRB, No. 12-1005 (D.C. Cir. May 14, 2013) ..............16

RadLAX Gateway Hotel, LLC v. Amalgamated Bank, 132 S. Ct. 2065, 2070-71
    (2012) (citation omitted) .......................................................................11

Sebelius v. Cloer, 133 U.S. 1886, 1889 (2013) ................................................ 5, 15


**Statutes**

28 U.S.C. § 2112 ............................................................................. passim

28 U.S.C. § 2112(a)(1) ................................................................... passim

29 U.S.C. § 160(f) ......................................................................... 2, 3, 5

## GLOSSARY

| | |
|---|---|
| Petitioner | Remington Lodging & Hospitality, LLC |
| The Board | National Labor Relations Board |
| JA | Joint Appendix |
| The Union | UNITE HERE! Local 878, AFL-CIO |
| N.L.R.A. | National Labor Relations Act, 29 U.S.C. § 151, et seq. |
| JPML | Judicial Panel on Multi-District Litigation |

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 13-1146
_____

## REMINGTON LODGING & HOSPITALITY, LLC
Petitioner

v.

## NATIONAL LABOR RELATIONS BOARD,
Respondent
_____

ON PETITION FOR REVIEW OF AN ORDER OF THE
NATIONAL LABOR RELATIONS BOARD
_____

## BRIEF FOR THE PETITIONER'S OPPOSITION TO THE MOTION OF THE NATIONAL LABOR RELATIONS BOARD
## FOR MANDATORY TRANSFER TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
_____

## STATEMENT OF APPELLATE JURISDICTION

Petitioner is satisfied with the statement of jurisdiction provided by the Respondent-Movant. Petitioner disagrees, though, with the following conclusory statement therein, at page 9: "However, only one party, the Union, served the Board with a court-stamped copy of its petition, as required by 28 U.S.C. § 2112." As will be shown below, Petitioner also complied with § 2112. When filing its

Petition for Review in this Court, Petitioner submitted five copies with the understanding (confirmed with a clerk of this Court) that one of those copies would be court-stamped and served on the Board, as required by the National Labor Relations Act at 29 U.S.C. § 160(f). As such, the Board received "from" Petitioner a court-stamped copy in compliance with section 2112 of Title 28.

## STATEMENT OF THE ISSUE

Whether Petitioner, by complying with the petition-filing requirements of the National Labor Relations Act at 29 U.S.C. § 160(f), thereby and also complied with the requirements of 28 U.S.C. § 2112, and is thus entitled to have its petition submitted – along with the petition filed by the charging-party Union in the U.S. Circuit Court of Appeals for the Ninth Circuit – to the Judicial Panel on Multi-District Litigation for determination as to which of these two Circuits will hear and rule on the two petitions filed.

## RELEVANT STATUTORY PROVISIONS

The attached Addendum sets forth the relevant provision within the National Labor Relations Act relied upon by Petitioner with respect to its opposition to this Motion: 29 U.S.C. § 160(f). All other applicable statutes are contained in the Brief of Respondent-Movant.

## STATEMENT OF THE CASE, FACTS,
## AND PROCEDURAL HISTORY

Respondent-Movant accurately sets forth a statement of this case and its procedural history.  Petitioner disagrees, however, with the statement therein (at page 10) that "Petitioner did not forward any copy [of the Petition for Review] bearing the Court's date-stamp."  When filing in this Court, Petitioner submitted five copies of the Petition with the understanding (confirmed with a clerk of this Court) that one of those copies would be court-stamped and served on the Board, as required by the National Labor Relations Act at 29 U.S.C. § 160(f).  The Petitioner therefore did forward a court-and-date-stamped copy of the Petition, which the Board did receive "from" Petitioner in compliance with 28 U.S.C. § 2112.

## SUMMARY OF ARGUMENT

The decision of the National Labor Relations Board, of which Petitioner seeks review, issued on April 24, 2013.  When filing its petition for review in this Court, on April 25, 2013 (the "Petition"), Petitioner submitted five copies of the Petition with the express understanding (confirmed by a clerk of this Court) that the Clerk of the Court would – as expressly required by the National Labor Relations Act at 29 U.S.C. § 160(f) – transmit one of the five copies court-and-date-stamped to the Board.  The Petition was stamped and dated, and was forwarded on April 26, 2013.  The Board acknowledges that it received actual

notice of the April 26, 2013 filing, and *an actual copy* – that same day – of the Petition bearing the court-and-date stamp by this Court.  And thus, in this manner, the Board received a court-and-date-stamped copy "from" Petitioner, within the meaning of 28 U.S.C. § 2112(a)(1).

The Petition was filed within 10 days of the April 25 Board decision.  The charging-party union, UNITE-HERE, Local 878 ("Union"), also filed a petition for review – within the same 10 day period – in the U.S. Court of Appeals for the Ninth Circuit Court of Appeals.

The Board's argument on its motion for transfer amounts to nothing more than a contrived hyper-technical reading of Section 2112, and if granted would result in an absurd disposition at odds with the Congressional intent behind that statute.  The mere fact of the Board's (actual) receipt of the court-stamped Petition in the manner described in the first paragraph above, as opposed to receipt of a court-stamped petition via direct mailing from a petitioner, cannot seriously be regarded as a basis for evading the true purpose and intent of Section 2112 – to wit, to provide for the submission of competing petitions for review filed in two or more circuits within 10 days of an agency order to the JPML for determination of which circuit will hear the case.  "[W]hen a statute's language is plain, the sole function of the courts – *at least where the disposition required is not absurd* – is to enforce it according to its terms."  <u>Sebelius v. Cloer</u>, 133 U.S. 1886, 1889 (2013)

(emphasis added; internal citations and quotes omitted).  The "disposition" sought by the Board on its motion would be "absurd," for the reasons detailed below.

## ARGUMENT

Arguing a contrived technicality, the National Labor Relations Board seeks to thwart the plain intent of Congress as set forth in 28 U.S.C. 2112.  Congress, when amending this statute in 1988, set the following requirement: When competing petitions for review are filed within ten days of a federal agency order, the Judicial Panel on Multi-District Litigation ("JPML") is to randomly select the circuit.

The Board would also have this Court ignore the procedural scheme for initiating petitions for review, as laid out in the National Labor Relations Act ("N.L.R.A.") itself.  This Court should deny the Board's Motion.

The material facts are not disputed.  Following receipt of the Board's Order dated April 24, 2013, Petitioner filed a petition for review in this Court on April 25, pursuant to section 10(f) of the N.L.R.A. [29 U.S.C. 160(f)].  On May 1, still within 10 days of the Board's order, the charging-party union, UNITE-HERE Local 878 ("Union"), filed a petition for review in the U.S. Court of Appeals for the Ninth Circuit.

Section 10(f) of the N.L.R.A. grants to any "person aggrieved by a final order of the Board" the right to seek relief.  Relief may be sought in potentially

several circuit courts of appeal, in addition to this circuit court of appeal. Procedurally, once the petition is filed, this section of the N.L.R.A. specifically provides that a "copy of such petition shall be *forthwith transmitted by the clerk of the court to the Board*, and thereupon the aggrieved party shall file in the court the record in the proceeding, certified by the Board, as provided in section 2112 of title 28." (*emphasis added*).

The Board points first to a clause in subsection 2112(a)(1), which states: "If within ten days after issuance of the order the agency, board, commission, or officer concerned receives, *from the persons instituting the proceedings*, the petition for review with respect to proceedings in at least two courts of appeals, the agency, board, commission, or officer shall proceed in accordance with paragraph (3) of this subsection," (*emphasis added*), which provides for random selection of the circuit by the Judicial Panel on Multidistrict Litigation ("JPML"). The Board then points, second, to subsection 2112(a)(2), which states: "For purposes of paragraph (1) of this subsection, a copy of the petition or other pleading which institutes proceedings in a court of appeals and which is stamped by the court with the date of filing shall constitute the petition for review."

Petitioner, as certified in the certificate of service, mailed a copy of the Petition to the Board on the date of filing, Thursday, April 25. In addition, the clerk of this court – *as directed by section 10(f),* quoted above – "forthwith

transmitted" a copy of the court–and-date-stamped Petition attached to a Notice dated April 26, which stated in relevant part that the "National Labor Relations Board is hereby notified that the attached is a true copy of the petition for review which was filed on April 25, 2013" [*See*, JA-204].

The Board argues that Petitioner did not comply with subsections 2112(a)(1) and (2) because the copy it received in an envelope mailed by the office of Petitioner's counsel was not date-stamped by the court. The Board acknowledges, though, that it did in fact receive a court-and-date-stamped copy of the Petition <u>on</u> April 26 via ECF. [JA-91: page 4, footnote 1 in the original Motion to Transfer filed by the Board]. As shown below, this constituted receipt of a court-and date-stamped copy of the Petition "*from"* Petitioner within the meaning of section 2112(a)(1). Nonetheless, the Board argues this Court should effectively ignore subsection 2112(a)(3), and mandatorily transfer this case to the Ninth Circuit solely because its receipt of the copy of the Union's court-stamped petition came directly from the Union.

This assertion is erroneous because Petitioner followed section 10(f) of the N.L.R.A. precisely, and in doing so fully met the requirements of subsections 2112(a)(1) and (2). This Petitioner provided a sufficient number of copies of the Petition – specifically, five copies – to the clerk's office on April 25, via courier delivery. *See*, affidavit of Petitioner's counsel, at JA-212-13 (counsel spoke by

phone with a clerk of this Court to confirm the number of copies to be filed, and was advised to submit five, confirming that one copy would be used as a court–and-date-stamped service copy for the Board).   Petitioner thus provided to the clerk's office the service copy to be appropriately court-and-date-stamped (a function only the clerk can perform), and thus fulfilled the requirements of subsection 2112(a)(1) and (2).   The Board did in fact receive *from* the Petitioner – *i.e.,* "from [one of] the persons instituting the proceeding," as 2112(a)(1) is worded – though, of course, the ministerial act of mailing (and placement on ECF) was performed by the clerk of this Court.   However, the service copy itself was provided by Petitioner, with the express understanding per section 10(f) of the Act that this would be done.   This was in fact done, and the service copy forwarded was "stamped by the court with the date of filing," as required by 2112(a)(2).

The Board's entire motion is based on the immaterial fact that the physical copy of the Petition which the office of Petitioner's counsel placed in an envelope and mailed to the Board was not court-and-date-stamped by the Court, even though there is no dispute that the Board received *from* Petitioner such a copy, through the statutorily required action of this Court's clerk.   Petitioner, when proceeding in the manner described above, had a right to expect that the clerk would forward the court-and-date-stamped copy, given the section 10(f) requirement, and in fact this did happen, as shown on the docket of this court (JA-204).   Petitioner's counsel

specifically discussed this requirement with a clerk of this court on the day of filing and confirmed this would happen. *See*, affidavit of counsel, at JA-212-13.

By making this contrived assertion of noncompliance with subsection 2112(a)(1) and (2), the Board asks this Court to ignore subsection 2112(a)(3), which requires that competing petitions for review be brought to the attention of the Judicial Panel on Multi-District Litigation for a random selection of venue. This would thwart the intent of Congress in amending section 2112.

The 1988 amendment to 28 U.S.C. § 2112 was specifically designed to eliminate the "race to the courthouse" that had plagued circuit courts prior to that time, when faced with competing petitions for review. *See, e.g*., Liquor Salesmen's Union Local 2 of State of N. Y. v. N. L. R. B., 664 F.2d 1200, 1203-1204 (D.C. Cir. 1981) ("These cases graphically illustrate a problem which has plagued the federal courts for years and which now approaches epidemic proportions: the forum shopping inherent in judicial review of administrative action. … We take this opportunity once again to express our disapproval of this 'unseemly' practice, and make clear that this court intends to utilize the statutory and inherent authority at our disposal to curb this abuse.").

The 1988 amendment to the statute – PL 100–236 (HR 1162), PL 100–236, January 8, 1988, 101 Stat 1731 ("An Act to amend title 28, United States Code, to provide for the selection of the court of appeals to decide multiple appeals filed

with respect to the same agency order") – addressed this problem.  Competing petitions for review filed within ten days of the order at issue are to have venue determined by a random selection made by the JPML.  By this method, the incentive for parties to "race to the courthouse" is eliminated, as long as both petitions are filed within the ten-day period.  Court-and-date-stamped copies of the petitions for review serve the obvious purpose of establishing that both petitions were in fact filed during that period.

The National Labor Relations Act sets forth its own provision for parties seeking review of a Board order in section 10(f).  That section, the enactment of which predates the above-mentioned 1988 amendment, specifically requires the court of filing to transmit to the Board a copy of the petition so that the Board can then provide the official record of proceedings to be reviewed.   The copy of the petition so transmitted, having been filed, will of course be court-and-date stamped.  "A well-established canon of statutory interpretation succinctly captures the problem: '[I]t is a commonplace of statutory construction that the specific governs the general'."  RadLAX Gateway Hotel, LLC v. Amalgamated Bank, 132 S. Ct. 2065, 2070-71 (2012) (citation omitted).  The N.L.R.A. specifically governs petitions for review in cases involving orders arising from the Board, whereas section 2112 in Title 28 governs the review process of federal agencies in general.

It would be error to place the general requirements of § 2112 above the specific requirements of § 160(f).

Moreover, the two statutory provisions can be read together without harm to either by proceeding in the manner Petitioner followed here, shown above. "Congress is presumed to have knowledge of its previous legislation when making new laws." In re Burnett, 635 F.3d 169, 173 (5th Cir. 2011); *see, e.g.,* Lorillard v. Pons, 434 U.S. 575, 580-81 (1978) (Congress is presumed to have known that jury trials are permitted under the FLSA, and therefore intended that this right was also to be included under the ADEA). If Congress had intended the 1988 amendments to section 2112 to supplant or replace the requirement in section 10(f) – calling for the clerk to forward the service copy – Congress would have made a corresponding change to section 10(f) to ensure such. This was not done, however. The Board's construction of these two statutes would render the requirement in NLRA section 10(f) superfluous.

Further, the Board's motion calls for Petitioner to perform a useless and unnecessary act – an act which section 10(f) already mandates to be done by the clerks of the circuit courts. The fact that it was not Remington's counsel who 'licked the stamp and sealed the envelope' enclosing the court-and-date-stamped petition cannot be seriously regarded as a reason to ignore Congress's plain intent for the JPML to conduct a random selection of venue.

The fallacy inherent in the Board's motion is underscored by considering what position the Board would take if the Union petitioner had relied on and followed section 10(f) of the Act in the same manner as this Petitioner, or if in a future case two petitioners proceed in this manner (and with both filing within ten days, as happened here), such that the Board receives only court-and-date-stamped copies from the clerks of two circuit courts.  In that event, the Board would be unable to make the argument it makes here, at page 5 of its brief (Summary of Argument), that the "provisions of 2112(a) . . . mandate that the Court transfer the Company's petition to the Ninth Circuit."  Given this likely hypothetical, the only position the Board could take, *consistent with the position it takes in the current motion,* would be to declare that both petitions are noncompliant with subsections 2112(a)(1) and (2), and thus whichever petition was filed first in time would be controlling.  In taking such a position, the Board would be asking the Court to return the parties to the pre-1988 status of determining venue via an "unseemly" race to the courthouse, and retaining the "plague" of forum shopping decried by this Court in Liquor Salesmen, *supra*.

Forum shopping, however, is precisely what the Board is doing here, by asserting this contrived hyper-technical reading of 2112(a)(1) and (2), which turns merely on whether the contents of the envelope mailed by a petitioner contains a stamped or unstamped service copy.  The Board concocts this argument solely as a

forum-shopping means of avoiding this case being heard by this Court, and to avoid the impact of this Court's ruling in <u>Noel Canning v. NLRB</u>, 705 F3d 490 (D.C. Cir. 2013), cert granted 133 S. Ct. 2861 (June 24, 2013), and the May 1, 2013 order in this case placing it in abeyance. [1]

Petitioner, for its part, is not seeking to engage in forum-shopping by opposing this motion. This Petitioner is asking only to play by the rules Congress set forth in 2112(a), by having the JPML conduct the random selection called for in subsection (3) of 2112(a).

In short, no purpose would be served by requiring a petitioner to directly mail the Board a court-and-date-stamped copy of a petition for review, when section 10(f) of the N.L.R.A. already requires the court's clerk to do so. The operation of 10(f) assures avoidance of any problem that might otherwise occur in determining whether the petition was filed within the ten-day period.

The only purpose that would be served, if this motion is granted, is avoidance of this Court's jurisdiction.

The Board proclaims its position is supported by a plain reading of the language in section 2112. While true that the courts are to apply the plain language of a statute, an important caveat must be honored when such application

---

[1]     <u>Noel Canning</u> held that three appointments to the Board in January of 2012 were unconstitutional under the Recess Appointments clause, and that the Board lacked therefore a quorum to act. The Ninth Circuit has yet not ruled on this issue, and unlike this Court is not holding Board decisions in abeyance.

yields a "disposition" which is "absurd."  <u>Sebelius v. Cloer</u>, 133 U.S. 1886, 1889

(2013) ("[W]hen a statute's language is plain, the sole function of the courts – *at*

*least where the disposition required is not absurd* – is to enforce it according to its

terms"; emphasis added; internal citations and quotes omitted).  The disposition

sought by the Board would indeed be absurd.  Absurd because the Board did in

fact timely receive an actual copy of the Petitioner's court-and-date stamped

Petition, as provided for by operation of section 10(f) of the N.L.R.A., and because

it was in fact received "from" Petitioner, as required by section 2112 of Title 28.

The mere fact that the mode of delivery was through the clerk's office – following

Petitioner's provision of the service copy and the clerk's court-stamping of the

Petition – should not be deemed determinative.  To rule otherwise, Petitioner

respectfully submits, would be absurd.

Finally, the Board points to two recent, unpublished decisions by this Court:

<u>DIRECTV Holdings, LLC v. NLRB</u>, No. 13-1020 (D.C. Cir. May 1, 2013) and

<u>Omaha World Herald v. NLRB</u>, No. 12-1005 (D.C. Cir. May 14, 2013).  Petitioner

respectfully requests this Court to reconsider those rulings, at least to the extent of

the facts presented here.

## CONCLUSION

Petitioner respectfully requests that this Court deny the Board's Motion for Transfer, and to thereby allow the two petitions filed in this Court and in the Ninth Circuit to proceed to the JPML, pursuant to 28 U.S.C. § 2112(a)(3).

STOKES WAGNER HUNT MARETZ & TERRELL

/s/ Karl M. Terrell
Karl M. Terrell

3593 Hemphill Street
Atlanta, Georgia  30337
Telephone:  (404) 766-0076
Facsimile:  (404) 766-8823

Attorneys for Petitioner,
Remington Lodging & Hospitality, LLC

UNITED STATES DISTRICT COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

|  |  |  |
|---|---|---|
| REMINGTON LODGING & HOSPITALITY, LLC, | ) | |
| | ) | |
| Petitioner | ) | No. 13-1146 |
| | ) | |
| v. | ) | Board Case Nos. |
| | ) | 19-CA-032148, et seq. |
| NATIONAL LABOR RELATIONS BOARD | ) | |
| | ) | |
| Respondent | ) | |

_____ )

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C), Petitioner certified that its brief contains 3,205 words in proportionally spaced, 14-point Times New Roman type, and that the word processing system used was Microsoft Word 2010.


  _/s/__ Karl M. Terrell_____
  KARL M. TERRELL, Attorney
  STOKES WAGNER HUNT MARETZ & TERRELL
  3593 Hemphill Street
  Atlanta, Georgia 30337
  Telephone: (404) 766-0076

Dated at Atlanta, Georgia
This 3rd day of January, 2014.

16

# STATUTORY ADDENDUM

## NATIONAL LABOR RELATIONS ACT, at 29 U.S.C. sec. 160(f):

(f) [Review of final order of Board on petition to court] Any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in any United States court of appeals in the circuit wherein the unfair labor practice in question was alleged to have been engaged in or wherein such person resides or transacts business, or in the United States Court of Appeals for the District of Columbia, by filing in such court a written petition praying that the order of the Board be modified or set aside. A copy of such petition shall be forthwith transmitted by the clerk of the court to the Board, and thereupon the aggrieved party shall file in the court the record in the proceeding, certified by the Board, as provided in section 2112 of title 28, United States Code [section 2112 of title 28]. Upon the filing of such petition, the court shall proceed in the same manner as in the case of an application by the Board under subsection (e) of this section, and shall have the same jurisdiction to grant to the Board such temporary relief or restraining order as it deems just and proper, and in like manner to make and enter a decree enforcing, modifying and enforcing as so modified, or setting aside in whole or in part the order of the Board; the findings of the Board with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall in like manner be conclusive.

UNITED STATES DISTRICT COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

REMINGTON LODGING & HOSPITALITY, LLC,

     Petitioner                          No. 13-1146

v.                                    Board Case Nos.
                                    19-CA-032148, et seq.

NATIONAL LABOR RELATIONS BOARD

     Respondent
_____

**CERTIFICATE OF SERVICE**

I certify that on January 3, 2014, the forgoing document was served on all parties or their counsel of record through the CM/ECF system if they are a registered user or, if they are not, by serving a true and correct copy at the address listed below:

    Linda Dreeben
    Julie B. Broido
    Milakshmi Varuni Rajapakse
    Jared David Cantor
    John H. Ferguson
    National Labor Relations Board
    1099 14th Street, NW
    Washington, D.C. 20570
    (202) 273-2960

 /s/   Karl M. Terrell
KARL M. TERRELL, Attorney
STOKES WAGNER HUNT MARETZ & TERRELL
 3593 Hemphill Street
Atlanta, Georgia 30337
Telephone: (404) 766-0076


Dated at Atlanta, Georgia
This 3rd day of January, 2014.